■ MELODEE LANE LINGERIE CO., Respondent, v. AMERICAN DISTRICT TELE-GRAPH COMPANY et al., Appellants.— Judgment unanimously modified on the law and on the facts, to the extent of striking therefrom the provision that defendants 970 Kent Ave. Corp. and Grosfeld House, Inc., have judgment against defendant American District Telegraph Company for $56.10; and as so modified, affirmed, with $50 costs to plaintiff-respondent against defendants-appellants. In finding against all defendants, the Trial Justice held all defendants liable as joint tort-feasors. Since the negligence of all defendants was primary, there may be no recovery against each other on any theory of implied indemnity. (See *Bush Term. Bldgs.* v. *Luckenbach S. S. Co.*, 9 N Y 2d 426, 430.) The contract between defendant Telegraph Company and Grosfeld House contains no express indemnity provision. Since we hold that there is no liability over in this case, it is unnecessary to determine the effect of the limitation of liability clause in the contract. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.

■ ZARAH WILLIAMSON, Appellant, v. WILLIAM J. KAUFMAN, Respondent.— Order, entered on January 14, 1965, denying plaintiff's motion for summary judgment, unanimously affirmed, without costs or disbursements. A mixed issue of law and fact is presented as to whether the prosecution of the suit, for a dissolution of the partnership and an accounting, constituted an inconsistent election of a remedy and a waiver of the right to sue on the contract to compel repurchase of plaintiff's interest in the partnership. That issue cannot properly be determined from the papers. If at all feasible, the parties should obtain a resolution of the triable issue presented in consolidation with the partnership accounting action. Concur — Breitel, J. P., Valente, McNally, Steuer and Bastow, JJ.